IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Michael Anthony Breyan,                    )
                                           )
                  Plaintiff,               )
                                           )        Civil Action No. 2:24-cv-2852-BHH
v.                                         )
                                           )        **<u>ORDER</u>**
Commissioner of the Social Security        )
Administration,                            )
                                           )
                  Defendant.               )
_____        )

This matter is before the Court upon Plaintiff Michael Anthony Breyan's ("Plaintiff") *pro se* complaint, seeking relief pursuant to 42 U.S.C. § 1983.  The Commissioner filed a motion to dismiss, and in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.  (ECF No. 15.)

On August 22, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant the Commissioner's motion to dismiss because the Court lacks jurisdiction over this civil action.  (ECF No. 25.) Specifically, the Magistrate Judge noted that Plaintiff does not seek review of a final agency decision and that Plaintiff has not shown that he was receiving benefits prior to his 2005 incarceration.  Additionally, the Magistrate Judge found that, even if Plaintiff's claims could be liberally construed as contesting the Social Security Administration's 2021 and/or 2011 decisions, Plaintiff did not exhaust his administrative remedies prior to filing this action. (*Id.* at 6-7.)  Lastly, the Magistrate Judge explained that Plaintiff's complaint is most appropriately construed as asserting a claim for damages under § 1983, but 42 U.S.C. §

405(h) expressly prohibits Plaintiff from bringing a claim against the Commissioner under § 1983. (*Id.* at 7-9.)

Plaintiff timely filed objections to the Report, and he subsequently filed a motion for preliminary injunction. (ECF Nos. 27, 30.) In his objections, Plaintiff does not point to any legal or factual errors in the Magistrate Judge's analysis; instead, he merely rehashes his claims. (ECF No. 27.) Importantly, nowhere does Plaintiff explain how this Court has subject matter jurisdiction to consider his claims. After *de novo* review, therefore, the Court finds Plaintiff's objections entirely unavailing, and the Court fully agrees with the Magistrate Judge's analysis. As such, the Court overrules Plaintiff's objections, and the Court adopts the Magistrate Judge's Report in full.

**Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 25); the Court overrules Plaintiff's objections (ECF No. 27); the Court denies Plaintiff's motion for preliminary injunction (ECF No. 30); and the Court grants the Commissioner's motion to dismiss (ECF No. 15) and dismisses this case for lack of subject matter jurisdiction.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 28, 2026
Charleston, South Carolina

2